J-S16039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| REYNALDO ADOLFO SUAREZ | |
| Appellant | No. 1956 MDA 2014 |

Appeal from the PCRA Order April 28, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004549-2009

BEFORE:  PANELLA, J., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                              **FILED JUNE 30, 2015**

Reynaldo Adolfo Suarez appeals, *pro se*, from the order entered on April 28, 2015, in the Court of Common Pleas of Berks County, denying him relief on his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*[1]  In this timely appeal, Suarez claims trial counsel was ineffective for: (1) failing to challenge the validity of the search warrant, (2) failing to seek the identity of the confidential informant, and (3) failing to

---

[1] The hearing that produced the appealable order was held on October 9, 2014 and this appeal was originally taken from that date.  Due to inadvertent oversight, no order was actually entered on that date.  That has been corrected with the entry of the April 28, 2015 order.  Although the original appeal was technically premature, the entry of the order rendered the appeal timely and proper.  We have amended the caption accordingly.

call certain defense witnesses.[2] After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

The facts and procedural history of this matter are well known to the parties and so we have no need to reiterate them herein.[3] We refer to and rely on the factual recitation found in our Court's memorandum decision denying Suarez relief in his direct appeal. *See Commonwealth v. Suarez*, 40 A.3d 182 (Pa. Super. 2011)(unpublished memorandum), at 1-6. Relevant to this matter, following denial of relief on his direct appeal, Suarez filed a timely, counseled PCRA petition. At some point, counsel withdrew and Suarez went forward *pro se*. The PCRA court denied Suarez relief and he appealed to our Court. A panel of our Court vacated the order denying Suarez relief and remanded the matter for a *Grazier*[4] hearing. As noted above, the hearing was held on October 9, 2014, at which time the PCRA court found Suarez was knowingly, intelligently and voluntarily choosing to represent himself. The matter was returned to our Court, without first re-entering an order denying Suarez's PCRA petition, leaving our Court with

---

[2] We have reworded Suarez's claims for clarity.

[3] On April 22, 2010, a jury found Suarez guilty two counts of possession with intent to deliver a controlled substance (cocaine and marijuana), two counts of possession of a controlled substance (cocaine and marijuana), possession of drug paraphernalia, receiving stolen property, and possession of a firearm with altered manufacturer's number. 35 P.S. §§ 780-113(a)(30), (16), and (32); and 18 Pa.C.S. §§ 3925, 6110.2 respectively.

[4] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

- 2 -

nothing to review. That oversight was corrected and the matter is ready for resolution.

Initially we note our scope and standard of review.

In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error.

*Commonwealth v. Pitts*, 981 A.2d 875, 978 (Pa. 2009).

Additionally, in order to prevail on a claim of ineffective assistance of counsel, a petitioner is required to prove by a preponderance of the evidence:

(1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and, (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Kimball*, 724 A.2d 326, 333 (Pa. 1999). All claims of ineffective assistance of counsel begin with the presumption that trial counsel was effective. *See Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa. Super. 2007).

First, Suarez contends the PCRA court erred in determining trial counsel was not ineffective for failing to file a motion challenging the search warrant. Suarez initially claims the PCRA court incorrectly determined counsel could not have been ineffective because Suarez had no standing to

challenge the search warrant.[5]  The PCRA court did not hold Suarez lacked standing to challenge the search warrant.  Indeed, the PCRA court properly acknowledged the fact that anyone charged with a possessory crime automatically has standing to challenge the search.  **See** PCRA Court Opinion, 10/21/2013, at 4, *citing* **Commonwealth v. Boulware**, 876 A.2d 440 (Pa. Super. 2005).[6]  Rather, the PCRA court determined Suarez lacked the requisite privacy interest in the residence, having been a casual visitor at the time the search occurred.  The PCRA court also determined the four-corners of the warrant provided sufficient probable cause to support the search warrant.[7]  Accordingly, we need only examine the PCRA court's determination regarding the four-corners of the warrant.

We note the rules regarding a determination of the existence of probable cause:

_____

[5] Suarez labels his claim in terms of lack of standing, although substantively he also raises arguments addressing reasonable expectation of privacy and a four-corners challenge.

[6] We are aware that our Supreme Court has since disapproved of **Boulware** on other grounds in **Commonwealth v. Enimpah**, 106 A.3d 695 (Pa. 2014).

[7] For purposes of our discussion, we note that issues of standing or privacy interest are threshold issues that must be met to substantively challenge the warrant.  Here, the PCRA court assumed that Suarez had established these issues.  Accordingly, even if trial counsel should have filed a motion challenging the validity of the search warrant, Suarez would still be required to prove he would have prevailed on the motion.  If Suarez cannot demonstrate he would have prevailed, he cannot demonstrate prejudice. Without prejudice, he is not entitled to relief.

"In determining whether the warrant is supported by probable cause, the magistrate may not consider any evidence outside the four-corners of the affidavit." ***Commonwealth v. Sharp***, 453 Pa. Super. 349, 683 A.2d 1219, 1223 (1996) (citations omitted).

The legal principles applicable to a review of the sufficiency of probable cause affidavits are well settled. Before an issuing authority may issue a constitutionally valid search warrant, he or she must be furnished with information sufficient to persuade a reasonable person that probable cause exists to conduct a search. The standard for evaluating a search warrant is a 'totality of the circumstances' test as set forth in ***Illinois v. Gates***, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed. 527 (1983), and adopted in ***Commonwealth v. Gray***, 509 Pa. 476, 503 A.2d 921 (1985). A magistrate is to make a 'practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' The information offered to establish probable cause must be viewed in a common sense, non-technical manner. Probable cause is based on a finding of the probability, not a *prima facie* showing of criminal activity, and deference is to be accorded a magistrate's finding of probable cause.

***Commonwealth v. Dean***, 693 A.2d 1360, 1365 (Pa. Super. 1997) (citations, quotations, and emphasis omitted).

***Commonwealth v. Ryerson***, 817 A.2d 510, 513-14 (Pa. Super. 2003).

The instant affidavit of probable cause related three separate instances of a confidential informant making controlled buys of narcotics from the residence in question. These buys all took place within one month of the execution of the warrant, the last buy occurring within a few days of the drug raid. We agree with the PCRA court that the search warrant provided sufficient indicia of criminal activity taking place at the target residence that

a reasonable person would conclude there was probable cause that a search would reveal evidence of that activity. Therefore, even if Suarez's trial counsel had filed a motion to suppress evidence challenging the validity of the search warrant, such a challenge would have failed. Accordingly, Suarez cannot demonstrate prejudice and he is not entitled to relief on this issue.

Suarez's next claim is that trial counsel was ineffective for failing to file a motion to disclose the identity of the confidential informant. Suarez argues the PCRA court erred in determining he was not entitled to discover that information.

> "Our standard of review of claims that a trial court erred in its disposition of a request for disclosure of an informant's identity is confined to abuse of discretion." ***Commonwealth v. Washington***, 63 A.3d 797, 801 (Pa. Super. 2013).
>
> Under Pennsylvania Rule of Criminal Procedure 573, a trial court has the discretion to require the Commonwealth to reveal the names and addresses of all eyewitnesses, including confidential informants, where a defendant makes a showing of material need and reasonableness:
>
>> (a) In all court cases, except as otherwise provided in Rule 230 (Disclosure of Testimony Before Investigating Grand Jury), if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:
>>
>> (i) the names and addresses of eyewitnesses....
>
> Pa.R.Crim.P. 573(B)(2)(a)(i).

The Commonwealth enjoys a qualified privilege to withhold the identity of a confidential source. *Commonwealth v. Bing,* [551 Pa. 659, 713 A.2d 56 (1998)]; *Commonwealth v. Roebuck*, 545 Pa. 471, 681 A.2d 1279, 1283 n.6 (1996). In order to overcome this qualified privilege and obtain disclosure of a confidential informant's identity, a defendant must first establish, pursuant to Rule 573(B)(2)(a)(i), that the information sought is material to the preparation of the defense and that the request is reasonable. *Roebuck*, *supra* at 1283. Only after the defendant shows that the identity of the confidential informant is material to the defense is the trial court required to exercise its discretion to determine whether the information should be revealed by balancing relevant factors, which are initially weighted toward the Commonwealth. *Bing*, *supra* at 58; *Commonwealth v. Herron*, 475 Pa. 461, 380 A.2d 1228 (1977).

In striking the proper balance, the court must consider the following principles:

A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations[,] the trial court may require disclosure and, if the Government withholds the information, dismiss the action.

[N]o fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses,

- 7 -

the possible significance of the informer's testimony, and other relevant factors.

*Commonwealth v. Carter*, 427 Pa. 53, 233 A.2d 284, 287 (1967) (*quoting* *Rovario v. United States*, 353 U.S. 53, 60-62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)).

*Commonwealth v. Marsh*, 606 Pa. 260-261, 997 A.2d 318, 321-322 (2010).

*Commonwealth v. Watson*, 69 A.3d 605, 607-08 (Pa. Super. 2013).

Here, Suarez has failed to show how his defense was impaired by the failure to identify the confidential informant (CI). Suarez complains that information gleaned from the CI, regarding the identify of those people inside the target house when the controlled buys took place, was never tested by cross-examination. However, Suarez was never accused of being one of the people who took part in any of the controlled buys. Suarez's guilt was based upon his being found in the house, in the immediate vicinity of drugs, while his wife attempted to dispose of those drugs as he tried to flee the scene by climbing out a window. Suarez's defense was based upon a claim that he was simply a visitor to the home, without any knowledge of the drug dealing that the Commonwealth alleged took place therein. Accordingly, the identity of those people in the house during the controlled buys had no effect upon his defense and the PCRA court did not abuse its discretion in denying Suarez relief on this issue.

In his final issue, Suarez claims trial counsel was ineffective for failing to call certain witnesses at trial. Specifically, Suarez claims his trial counsel

should have called his mother, Mayra Cruz, and two others, Luis Ramos and Lisa Green.[8] We rely upon the able analysis of the PCRA court for the resolution of this issue. *See* PCRA Court Opinion, 10/21/2013, at 7-9. The parties are directed to attach this portion of the PCRA court opinion in the event of further proceedings.

Having found no errors of law or abuse of discretion on the part of the PCRA court, we affirm the order denying Suarez relief on his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2015

---

[8] In his Appellant's brief, Suarez mistakenly refers to Jose Abreu, rather than Lisa Green as the missing witness. Abreu testified at trial. Our review of the certified record reveals that none of the missing witnesses were named in either Suarez's *pro se* PCRA petition or in the counseled amended PCRA petition. Nonetheless, Cruz testified at the PCRA hearing. Ramos and Green were not identified as potential witnesses until Suarez mentioned their names in his PCRA testimony.

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: OF BERKS COUNTY, PENNSYLVANIA
:
v. : CRIMINAL DIVISION
:
REYNALDO SUAREZ : No.   CP 06 CR 4549-09
Defendant : JUDGE THOMAS G. PARISI

## ORDER OF COURT

**AND NOW,** October 21, 2013, after hearing held on the Defendant's Petition for Post Conviction Relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq.*, it is **ORDERED** that the Defendant's PCRA petition is DISMISSED as without merit.  Pursuant to Pa.R.Crim.P. 908(E), this Court advises the Defendant that he has the right to appeal this Order. The Defendant shall have **thirty (30) days** from the date of this final Order to appeal to the Superior Court of Pennsylvania. Failure to appeal within **thirty (30) days** will result in the loss of appellate rights.

BY THE COURT:

THOMAS G. PARISI, J.

BERKS COUNTY

13 OCT 21 P 3:58

CLERK OF COURTS



COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: BERKS COUNTY, PA
v. : CRIMINAL DIVISION
: NO. CP-06-CR-4549-09
REYNALDO SUAREZ, :
Defendant : JUDGE THOMAS G. PARISI

Emily Cherniack, Esquire, PCRA Attorney for the Defendant
Alisa R. Hobart, Esquire, PCRA Attorney for the Commonwealth

OPINION AND ORDER, Thomas G. Parisi                    October 21, 2013

After hearing held on Defendant's "Petition Under Post Conviction Relief Act," this Court finds that Defendant is not entitled to relief.

On April 22, 2010, a jury[1] convicted the Defendant of two counts of Possession with Intent to Deliver a Controlled Substance (one each for cocaine and marijuana),[2] two counts of Possession of a Controlled Substance (one count each for cocaine and marijuana),[3] as well as one count each of Possession of Drug Paraphernalia[4], Receiving Stolen Property[5], and Possession of a Firearm with Altered Manufacturer's Number.[6] The Defendant was represented at trial by William Bispels, Esquire (trial counsel). The Commonwealth invoked the five-year mandatory minimum sentencing provision for the possession of firearms in the proximity to drugs pursuant to          42 Pa. C. S. A. § 9712.1. On May 2, 2010, prior to the Defendant's sentencing, the Defendant filed a pro se Notice of Appeal to the Superior Court of Pennsylvania. The Defendant was sentenced to an aggregate term of incarceration of five to ten years. Trial counsel subsequently filed a motion to withdraw as counsel in this case. On June 21, 2010, this Court granted trial counsel's motion to withdraw and appointed Richard Reynolds, Esquire to represent

---

[1] The Defendant's case was consolidated at trial with three co-defendants: Fatimah Suarez No. 4398/09, Francisco Santiago No. 4547/09, and Salvador Dalmasi No. 4397/09.
[2] 35 Pa. C. S. A. § 780-113 (a)(30).
[3] 35 Pa. C. S. A. § 780-113 (a)(16).
[4] 35 Pa. C. S. A. § 780-113 (a)(32).
[5] 18 Pa. C. S. A. § 3925.
[6] 18 Pa. C. S. A. § 6110.2.

the Defendant for purposes of filing an appeal. . On July 1, 2010, the Superior Court quashed the Defendant's pro se appeal as it was premature. After the time for filing a direct appeal had expired without an appeal having been filed on the Defendant's behalf, the Defendant filed a letter with this Court claiming Attorney Reynolds had rendered ineffective assistance of counsel for not filing a timely direct appeal pursuant to the Defendant's request. This Court treated the Defendant's letter as a *pro se* PCRA Petition and appointed Osmer Deming, Esquire, to represent the Defendant in his PCRA proceedings. Attorney Deming was directed to file an Amended PCRA Petition pursuant to Pa. R. Crim. P. 905 detailing the Defendant's eligibility for relief or a "no-merit" letter requesting leave to withdraw from representation pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) and *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

On February 17, 2011, Attorney Deming filed an Amended PCRA Petition on the Defendant's behalf and requested to have the Defendant's right to appeal to the Superior Court restored *nunc pro tunc*. On March 14, 2011, the Commonwealth filed an Answer to the Defendant's Amended PCRA Petition, wherein it agreed that the Defendant was entitled to have his direct appeal rights restored *nunc pro tunc*. As a result, on March 16, 2010, this Court entered an Order granting the Defendant's request to have his direct appeal rights restored *nunc pro tunc* and directed the Defendant to file an appeal within thirty days of the date of entry of the Order. The Defendant filed a Notice of Appeal on March 25, 2011. On December 2, 2011, the Pennsylvania Superior Court affirmed Defendant's judgment of sentence and granted Attorney Deming's petition to withdraw as counsel. Defendant then retained the Emily Cherniak, Esquire (PCRA Counsel) and a Petition for Relief under the PCRA (the PCRA Petition) was filed on November 30, 2012. The PCRA Petition alleges ineffective assistance of Trial Counsel. A

2

hearing was held on the PCRA Petition on April 3, 2013. The Commonwealth filed a Memorandum Requesting Denial of the PCRA Petition on May 22, 2013. The Defendant then filed a Supplemental Memorandum in Support of Post Conviction Relief Act Petition on June 5, 2013. For the reasons set forth below, Defendant is not entitled to relief under the PCRA and, therefore, the PCRA Petition is hereby dismissed.

To prevail on a claim of ineffective assistance of counsel, the defendant bears the burden of establishing each of the following: 1) his underlying claim is of arguable merit; 2) the course of conduct pursued by counsel did not have a reasonable basis designed to effectuate the defendant's interests; and 3) trial counsel's actions prejudiced the defendant, in that, but for counsel's actions the outcome of the proceeding would have been different. *Commonwealth v. Meadows*, 787 A.2d 313 (Pa. 2001); *Commonwealth v. Ervin*, 766 A.2d 859, 862 (Pa. Super. 2001). If the petitioner fails to establish any prong of the test, the claim of ineffectiveness is defeated. *Commonwealth v. Basemore*, 744 A.2d 717, 738 (Pa. 2000). Counsel's effectiveness is presumed and the defendant has the burden of proving otherwise. *Commonwealth v. Rios*, 92 A.2d 790, 805 (Pa. 2007).

## STANDING AND PRIVACY INTERESTS

Defendant claims that Trial Counsel was ineffective for failing to challenge the validity of the search warrant pursuant to a motion to suppress. However, after review of the record, Trial Counsel had a reasonable basis to believe that he could not file a motion to suppress because Defendant lacked a reasonable expectation of privacy in the house that was searched. In Defendant's Supplemental PCRA Petition, Defendant argues that "he was a guest in the house where he was staying .... and some of his personal items were stored at the premises," thereby granting him the possessory interest needed to file a motion to suppress. Supp. PCRA Pet.,

3

06/05/13, at 3, 4. Defendant also claims that he was convicted of multiple charges that had possession as an element, thus he had standing to challenge the Motion to Suppress. *Id.*

Under Pennsylvania law, persons charged with an offense of which possession is an essential element have automatic standing to challenge the validity of a search. *Commonwealth v. Boulware*, 876 A.2d 440, 442-43 (Pa. Super. 2005). As the Defendant in the present case had been convicted of Possession, he had the opportunity to move for suppression of the evidence at 343 West Green Street. However, Pennsylvania law mandates that one seeking to enforce a privacy interest must demonstrate both a subjective expectation of privacy and that such expectation of privacy is objectively reasonable. *Commonwealth v. Torres*, 764 A.2d 532, 542 (Pa. 2001). Several factors are to be considered when determining whether a casual visitor has sufficient expectation of privacy to permit a challenge to the validity of a search warrant. These factors include:

> (1) Possession of a key to the premises; (2) having unlimited access to the premises; (3) storing of clothing or other possession on the premises; (4) involvement in illegal activities conducted on the premises; (5) ability to exclude other persons from the premises; and (6) expression of a subjective expectation of privacy in the premises.

*See Commonwealth v. Bostick*, 958 A.2d 543, 551-53 (Pa. Super. 2008) (quoting *Commonwealth v. Govens*, 632 A.2d 1316 (Pa. Super. 1993) (*en banc*) (further citation omitted).

Here, there was little evidence of a valid expectation of privacy in the home searched, at 343 West Green Street. T here is no evidence showing the Defendant owns the property and the bedroom where the Defendant was found was barely furnished. The Defendant does not claim to reside at 343 West Green Street, nor would any such claims be particularly credible considering the paucity of personal items present at the location. Furthermore, the Defendant's wife testified that she had not lived at 343 Green Street and she and Petitioner were just there for a party. N.T.,4/21/10, at 433-436. Defendant further confirmed his wife's testimony at the PCRA hearing

4

by stating he was only a guest at the party. N.T., 04/03/13, at 19. In fact, the totality of evidence leads to the commonsense conclusion that 343 West Green Street was used primarily as a depository in the illegal drug trade. Because the Defendant did not have a valid expectation of privacy in any of the residences searched, Trial Counsel properly determined that Defendant lacked the authority to challenge the conduct of the police searches through a motion to suppress. However, even if the Defendant had a valid privacy interest in the residences searched, this Court concludes, for the reasons that follow, that the searches conducted by the police were otherwise valid and do not merit suppression. Accordingly, Defendant fails to demonstrate that Trial Counsel was ineffective for failing to challenge the validity of the search warrant.

## VALIDITY OF THE SEARCH OF 343 WEST GREEN STREET

The information contained within the four corners of the search warrant give rise to probable cause sufficient to support issuance of the warrant. This included police related information supplied by a confidential informant ("CI") signifying heroin, cocaine, and marijuana could all be purchased from the address. Within three weeks, police had ordered four controlled purchases in which the same CI purchased crack cocaine from the occupants at 343 West Green Street. *See* Comm. Exhibit No. 1. To complete the police-controlled drug purchase, Trooper Charity Farrell searched the CI in order to confirm that the CI was clean of drugs and money prior to purchasing at 343 West Green Street. *Id.* Trooper Farrell then handed the CI prerecorded money. *Id.* The CI then went to the back of the house and returned with crack cocaine only minutes later. *Id.* Additional troopers were brought in on the two final purchases to confirm this investigative procedure. *Id.* The CI also confirmed seeing mass quantities of drugs, guns, and money within the home at the time of her purchase. *Id.* Together, these factors indicate that a search of 343 West Green Street would probably uncover evidence of a crime in the form

5

of drugs. Therefore, the search warrant was valid and Trial Counsel was not ineffective for failing to challenge the validity of the search warrant. The relief requested in the instant petition should be denied.

## DISCLOSURE OF CONFIDENTIAL INFORMANT

Defendant's third claim is that Trial Counsel was ineffective for failing to file a motion to disclose the identity of the confidential informant. There is no fixed rule with respect to disclosure of the confidential informant's identity. *See Commonwealth v. Bing*, 713 A.2d 56 (Pa.1998). Pennsylvania Courts have recognized the Commonwealth's qualified privilege to maintain the confidentiality of an informant in order to preserve the public interest in effective law enforcement. *Commonwealth v. Herron*, 380 A.2d 1228 (Pa. 1977). Before an informant's identity may be revealed, the defendant must establish pursuant to Pa.R.Crim.P. 305(b) that the information sought is material to the preparation of the defense and that the request is reasonable. *Commonwealth v. Roebuck*, 681 A.2d 1279, 1283 (Pa. 1996). To establish that a confidential informant's testimony is material, "the record should at least suggest a reasonable possibility that the information might be helpful, so that it would be unfair to withhold it." *Herron*, 380 A.2d at 1230. In the instant case, the informant is known and actively used by the police, thereby raising concerns for the safety of both the informant and involved officers. Taking all factors into consideration, the Defendant did not meet his burden that disclosure was proper. Defendant merely challenges the preservation of the informant's identity in the search warrant. As referenced above, the search warrant was sufficiently supported by probable cause. Moreover, this Court notes that the Defendant did not espouse a defense of mistaken identity or entrapment where discovery of a confidential source's identity would typically be material to the case. *See, e.g., Commonwealth v. Payne*, 656 A.2d 77 (Pa. 1994); *Commonwealth v. Hritz*, 663 A.2d 775

6

(Pa. Super. 1995). Therefore, Suarez failed to show that Trial Counsel was ineffective for failing to request the disclosure of the identity of the confidential informant.

## CALLING A DEFENSE WITNESS AT TRIAL

The final issue presented at Defendant's PCRA hearing for this Court to consider is whether trial counsel was ineffective for failing to present the testimony of his mother at trial and other identified witnesses. Trial counsel was not ineffective as his actions at trial were based upon a reasonable trial strategy and did not result in prejudice to the Defendant. When a defendant claims counsel was ineffective based upon trial counsel's failure to call a witness, he is entitled to relief only if he proves all of the following: (a) the witnesses existed, (b) the witnesses were available, (c) counsel was informed of or should have known of the witnesses, (d) the witnesses were willing to cooperate and testify for the defendant at trial, and (e) how the absence of the witnesses' testimony prejudiced the defendant, in that it denied him a fair trial. *Commonwealth v. Miller*, 868 A.2d 578, 581-582 (Pa. Super. 2005).

Furthermore, a claim based on counsel's failure to call a potential witness involves trial strategy. *Commonwealth v. Auker*, 681 A.2d 1085 (Pa. 1996). In a criminal case, the decision to call a potential witness, other than the defendant, rests within the discretion of counsel. Where trial strategy is implicated, counsel is deemed effective so long as the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests, even if other alternatives were more reasonable. *Commonwealth v. Gillespie*, 620 A.2d 1143, 1145 (Pa. Super.1993) (emphasis added). Thus, it is well settled that a failure to call a witness whose testimony may be helpful to the defendant does not constitute ineffective assistance if counsel had some reasonable basis for declining to call the witness. *Commonwealth Pittman*, 441 A.2d 436, 438 (1982 Pa. Super.). While counsel has a general duty to investigate potential witnesses,

7

counsel may also make reasonable decisions given the circumstances that render a particular investigation unnecessary. *Commonwealth v. Johnson.* 966 A.2d 523 (Pa. 2009). The Defendant bears the burden of proving trial counsel's decision lacked a reasonable basis. *Hammond*, 953 A.2d 544, 959 (Pa. Super. 2008).

When counsel's decision not to call a potential witness or elicit certain testimony is based upon an assessment of its worth and a conclusion that it has little value under the circumstances, then counsel's decision clearly has some reasonable basis designed to effectuate his client's interests. *Commonwealth v. Knight*, 618 A.2d 442, 447 (Pa. Super. 1992). Accordingly, such a decision is not a basis for finding counsel was ineffective.

In the instant case, the record reflects that Trial Counsel's decision not to call Defendant's mother and the other identified witnesses was based upon a reasonable trial strategy. At the PCRA hearing, Trial Counsel credibly testified about the defense's trial strategy, which was to establish that the Defendant did not own or live at 343 West Green Street. N.T., 4/3/13, at 18. Defendant claims that the two identified witnesses, along with Defendant's mother, could have helped his defense. *Id.* at 10-13. However, looking at the record, Defendant's mother would have only reconfirmed that the Defendant did not own or live at 343 West Green Street. Any testimony offered by Defendant's mother would have been cumulative to the trial testimony offered by Defendant's wife, Fatimah Suarez and Jose Abreu, Defendant's landlord. Both witnesses testified at trial that Defendant lived at 167 W. Greenwich Street. Jury Trial, 4/19/10-4/22/10, at 367-69. Furthermore, Defendant failed to show at his PCRA hearing that the other identified witnesses, Luis Ramos and Lisa Green (N.T. 4/3/13, at 12-14), were available to testify on Defendant's behalf at the time of trial. Neither Luis Ramos nor Lisa Green testified at the PCRA hearing and no certificates of their intended testimony were filed, in accordance with

8

42 Pa. C.S.A. § 9545(d)(1). Based upon this assessment, Trial Counsel's decision not to call these witnesses had *some reasonable basis* designed to effectuate the Defendant's interest. Trial counsel's representation was not ineffective.

In accordance with these findings, this Court enters the following Order: